IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20276
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


                        versus

VICTOR C. AMADI,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(USDC No. CR-H-95-8-6)
- - - - - - - - - -
December 24, 1996
Before HIGGINBOTHAM, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

     Victor Amadi appeals his sentence following his plea of guilty

to conspiracy to defraud the Government and for aiding and abetting

in making false claims to a government agency, in violation of 18

U.S.C. §§ 2, 286, and 287.  Amadi contends that:   (1) there was

insufficient evidence to establish that his offenses involved more

than minimal planning or that he played an managerial role in the

offenses; (2) the district court erred by enhancing his offense

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

level both for more than minimal planning and for his aggravated role in the offense; and 3) the district court erred in determining the amount of the loss for which Amadi was responsible. Our review of the record and of the arguments and authorities convinces us that no reversible error was committed.

Amadi has not met his burden of demonstrating that the district court's factual findings were clearly erroneous that Amadi's offenses involved more than minimal planning under U.S.S.G. § 2F1.1(b)(2) and that Amadi played an aggravated role under § 3B1.1. See United States v. Barreto, 871 F.2d 511, 512 (5th Cir. 1989). Additionally, because neither § 3B1.1 nor § 2F1.1 forbid "double-counting" with each other, increases under both of those sections are permitted. See United States v. Godfrey, 25 F.3d 263, 264 (5th Cir.), cert. denied, 115 S. Ct. 429 (1994). Finally, Amadi's conduct in the sixteen substantive counts to which he pleaded guilty falls within § 1B1.3(a)(1)(A). Amadi fails to show that the district court's calculation of the loss attributable to his conduct was clearly erroneous. See United States v. Tedder, 81 F.3d 549, 550 (5th Cir. 1996).

AFFIRMED.